UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REAL ESTATE INDUSTRY
SOLUTIONS, LLC,

      Plaintiff/Counter-Defendant,

vs.                         CASE NO.:  6:10-CV-1045-ORL-22-GJK

CONCEPTS IN DATA MANAGEMENT
U.S., INC.,

      Defendant/Counter-Claimant.
_____/

## CDM'S MOTION TO COMPEL REIS TO PRODUCE DOCUMENTS

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 3.04(a), Defendant/Counter-Claimant Concepts in Data Management U.S., Inc. ("CDM") moves on the following grounds for an order compelling REIS to make full production of documents responsive to the requests identified below.

I.      **INTRODUCTION**

In addition to the discovery abuses identified in CDM's Motion to Impose Discovery Sanctions and to Grant Additional Relief filed contemporaneously herewith, CDM has identified a large number of deficiencies in REIS's document production.  CDM believes that REIS's failure to produce the categories of documents discussed below is part of REIS's general strategy in this litigation to make discovery as burdensome and costly as possible on CDM.  For the following reasons, CDM requests that the Court enter an order compelling REIS to produce all documents identified herein and awarding CDM's reasonable attorneys' fees incurred in bringing this motion.

## II.      BACKGROUND FACTS[1]

CDM served its First Request for Production of Documents from Plaintiff (CDM's "Requests") on December 3, 2010. REIS served its responses to CDM's Requests on January 5, 2011. REIS's responses to CDM's Requests primarily comprised objections and refusals to produce documents except pursuant to a stipulated protective order by the Court. For the few Requests that REIS actually agreed to provide responsive documents, REIS stated it would do so at a "mutually convenient date and time."

After receiving these responses, CDM's counsel waited to see what documents and information REIS would actually produce before initiating discovery dispute procedures. However, REIS provided no documents, information, a proposed protective order for CDM's review, or even proposed dates for inspection of REIS's documents. After hearing nothing for two months, CDM's counsel sent a letter to REIS's counsel on March 10, 2011 in a good faith effort to get REIS's document production, actual answers to CDM's Interrogatories, and to address a number of other deficiencies with REIS's discovery responses. **Ex. A.**

REIS's counsel responded on March 18, 2011 with a letter agreeing to provide a partial production of documents, providing a purported timeline for the production of its additional documents, and providing a proposed protective order for entry by the Court. **Ex. B.** Shortly thereafter, REIS produced approximately 3800 documents, consisting mostly of emails. CDM's counsel believed that progress was being made.

That belief was short-lived, however. The partial production contained few emails directly relevant to the key issues in this case and none of the attachments referenced in the

---

[1] CDM has limited its recitation of the background facts to those most relevant to the discovery issues raised in the instant motion. For a more thorough explanation of the facts and circumstances at issue in this case, see CDM's Motion to Impose Discovery Sanctions and to Grant Additional Relief filed contemporaneously herewith.

emails were provided.  REIS also failed to provide the additional documents promised in the March 18, 2011 letter.

Rather than immediately running to the courthouse, CDM's counsel continued to try to work with REIS's counsel to resolve these issues.  CDM received a privileged document log from REIS on April 1, 2011, which appeared to be a comprehensive log of documents throughout REIS's entire anticipated production even though REIS had only produced a small portion of its documents at that point in time.  The parties agreed to a stipulated confidentiality agreement on April 13, 2011 (the "Confidentiality Agreement").[2]  **Ex. C.**  Given that CDM had served its Requests and Interrogatories over four months earlier and REIS had already produced a comprehensive privileged document log, CDM expected to receive the remainder of REIS's document production shortly after agreeing to the terms of the Confidentiality Agreement.  Despite repeated inquiries from CDM's counsel, REIS did not make its full production, nearly 16,000 documents, until May 27, 2011, nearly *6 months* after receiving CDM's Requests and only 3 weeks before the depositions of three key REIS witnesses scheduled for June 20, 21, and 22, 2011.[3]

## III.    ARGUMENT

### A.    REIS failed to produce all documents responsive to CDM's Requests.

Throughout CDM's review of the documents produced by REIS and through the deposition testimony of the three witnesses deposed on June 20, 21, and 22, CDM has discovered a number of deficiencies in REIS's document production.  What makes these deficiencies

---

[2] REIS's counsel, with CDM's counsel's consent, originally filed the Confidentiality Agreement with a motion for entry of a stipulated protective order.  (Dkt. 43).  On April 20, 2011, the Court denied the motion and clarified that it would not enter a stipulated protective order, but it would enforce a stipulated confidentiality agreement between the parties.  (Dkt. 45).  The parties agreed to treat the motion and proposed order as a confidentiality agreement.

[3] These depositions included John Fridlington (CEO of REIS and FR) on June 20, Linda Rohrbaugh (former vice president and general counsel of REIS) on June 21, and Cynthia Shelton (former member of REIS's Board of Managers and former President of FR).

particularly disturbing is the fact that most of the documents that appear to have not been produced are highly relevant and cover topics that go to the heart of the claims in this case.

### 1.    Attachments to emails.

Throughout REIS's entire document production, CDM cannot confirm that the attachments to any emails have been produced.  REIS did not provide links within the emails to the attachments and the attachments do not follow the emails in the sequence produced.  Even if the attachments to all such emails were actually produced, CDM has no possible way to determine which documents are attachments to specific emails.  REIS should be compelled to provide all responsive emails and their attachments in a reasonably identifiable manner.

### 2.    Documents relating to the programming and other technical development of Form Simplicity.

*Request No. 23*:

Any and all documents evidencing, relating to, or referring in any way to the development of Form Simplicity.

*Response*:

Objection, the request is overly broad and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case. Documents related "in any way to the development of Form Simplicity" is far too broad to be reasonable or narrowly tailored.  REIS will produce relevant documents related to the development of Form Simplicity that are related to the claims in this case, but as phrased this request goes beyond the bounds of relevancy.  Furthermore, inasmuch as REIS and CDM are competitors, documents requested are protected by the trade secret privilege.  Upon entry by the Court of a Stipulated Protective order, Plaintiff will produce responsive documents in its possession for inspection on an Attorney's Eyes Only basis at the offices of Plaintiff's counsel on a mutually convenient date and time.

Despite the production of nearly 16,000 documents and REIS identifying over 9,000 as responsive to CDM's Request No. 23, there do not appear to be any documents relating to the actual process, programming, or other technical development of Form Simplicity.  Additionally,

4

there are virtually no documents discussing or otherwise evidencing the procedures undertaken by REIS to draft Form Simplicity's source code, determine what features and functionality to include, determine the "look and feel," determine the user interface, or any of the myriad of details that would have to be discussed, decided upon, and implemented during the process of creating a sophisticated web-based program such as Form Simplicity. CDM's Request No. 23 clearly calls for the production of these documents. Now that the Confidentiality Agreement is in place, REIS has no reason to withhold these documents.

### 3.   Documents related to the Florida Realtors, Inc. Oversight Committee.

*Request 24*:

> Any and all documents evidencing, relating to, or referring in any way to the members, owners, officers, directors, or employees of REIS who performed any function related to the development Form Simplicity.

*Response*:

> Objection, the request is overly broad and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case. Documents relating to "members, owners, officers, directors, or employees of REIS who performed any function related to the development of Form Simplicity" is far too broad to be reasonable or narrowly tailored. REIS will produce relevant documents related to the development of Form Simplicity that are related to the claims in this case, but as phrased this request goes beyond the bounds of relevancy. Furthermore, inasmuch as REIS and CDM are competitors, documents requested are protected by the trade secret privilege. Upon entry by the Court of a Stipulated Protective order, Plaintiff will produce responsive documents in its possession for inspection on an Attorney's Eyes Only basis at the offices of Plaintiff's counsel on a mutually convenient date and time.

*Request 25*:

> Any and all documents evidencing, relating to, or referring in any way to the members, owners, officers, directors, or employees of FAR who performed any function related to the development Form Simplicity.

*Response*:

> Objection, the request is overly broad and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case.

#10446134_v1

Documents relating to "members, owners, officers, directors, or employees of FAR who performed any function related to the development of Form Simplicity" is far too broad to be reasonable or narrowly tailored.  REIS will produce relevant documents related to the development of Form Simplicity that are related to the claims in this case, including documents that identify individuals involved in the development, but as phrased this request goes beyond the bounds of relevancy. Furthermore, inasmuch as REIS and CDM are competitors, documents requested are protected by the trade secret privilege.  Upon entry by the Court of a Stipulated Protective order, Plaintiff will produce responsive documents in its possession for inspection on an Attorney's Eyes Only basis at the offices of Plaintiff's counsel on a mutually convenient date and time.

*Request 26*:

Any and all documents evidencing, relating to, or referring in any way to any professionals, consultants, or other individuals or entities hired by REIS or FAR to assist in the development of Form Simplicity.

*Response*:

Objection, the request is overly broad and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case. Documents relating to "any professionals, consultants, or other individuals or entities hired by REIS or FAR to assist in the development of Form Simplicity" is far too broad to be reasonable or narrowly tailored.  REIS will produce relevant documents related to the development of Form Simplicity that are related to the claims in this case, including documents that identify individuals involved in the development, but as phrased this request goes beyond the bounds of relevancy. Furthermore, inasmuch as REIS and CDM are competitors, documents requested are protected by the trade secret privilege.  Upon entry by the Court of a Stipulated Protective order, Plaintiff will produce responsive documents in its possession for inspection on an Attorney's Eyes Only basis at the offices of Plaintiff's counsel on a mutually convenient date and time.

There are numerous documents in both REIS's and Florida Realtors, Inc.'s ("FR") document production referencing an oversight committee at FR that oversaw REIS's development of Form Simplicity.  For example, document Bates stamped FR05716 is the minutes of a meeting of FR's Leadership Team held on July 22, 2009 that specifically references a report given from the "Subsidiary Forms Oversight Committee."  **Ex. D.**  Additionally, documents Bates stamped FR04307, FR4306, and FR04308 purport to be agendas for the FR "Forms Oversight Group," during which employees of REIS (*e.g.*, Mr. Ballarino and Mr.

Chapman) provided updates.  **Ex. E.**  In fact, document Bates stamped REI-00006308 entitled

FormSimplicity Talking Points states that FR formed an "oversight group to review the product

development process."  **Ex. F.**  Mr. Fridlington also testified during his deposition about the

existence of this committee.   However, REIS has produced virtually no documents directly

relating to this committee/group, including no meeting minutes, documents prepared for the

committee/group by REIS, emails referencing issues discussed with this committee/group,

reports, or other substantive documents.   These documents are clearly responsive to CDM's

Requests 23-25 and REIS has not valid reason for withholding these highly relevant documents.

> 4.     **Documents relating to the subcommittee of REIS's Board of Managers appointed to handle compliance issues with CDM.**

*Request 34:*

> Any and all documents evidencing, relating to, or referring in any way to any communications sent by REIS and/or FAR to any person or entity, including without limitation members of FAR, relating in any way to TransactionDesk, TransactionDesk Pro, TransactionDesk Lite, CDM, or any employees of CDM.

*Response:*

> Objection, the request is overly broad, harassing and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case.

*Request 35:*

> Any and all documents evidencing, relating to, or referring in any way to any internal communications relating in any way to Form Simplicity, TransactionDesk, TransactionDesk Pro, TransactionDesk Lite, CDM, or any employees of CDM.

*Response:*

> Objection, the request is overly broad, harassing and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case.  Objection, the request seeks documents protected by the attorney-client privilege, work product privilege and common interest privilege.

7

***Request 43:***

> All minutes of or documents relating to any meetings of REIS's board of directors during which Form Simplicity, TransactionDesk, TransactionDesk Pro, TransactionDesk Lite, CDM, or any employees of CDM were discussed or addressed.

***Response:***

> Objection, the request seeks documents protected by the attorney-client privilege, work product privilege, and common interest privilege. Without waiving objections, Plaintiff will produce non-privileged responsive documents in its possession for inspection at the offices of Plaintiff's counsel on a mutually convenient date and time.

***Request 44:***

> All minutes of or documents relating to any meetings of REIS's board of directors during which the services agreement between REIS and CDM was discussed or addressed, including without limitation the termination of that services agreement.

***Response:***

> Objection, the request seeks documents protected by the attorney-client privilege, work product privilege, and common interest privilege. Without waiving objections, Plaintiff will produce non-privileged responsive documents in its possession for inspection at the offices of Plaintiff's counsel on a mutually convenient date and time

***Request 45:***

> All minutes of or documents relating to any meetings of REIS's board of directors during which the funding of CDM's services as a benefit to FAR members was discussed or addressed.

***Response:***

> Objection, the request seeks documents protected by the attorney-client privilege, work product privilege, and common interest privilege. Without waiving objections, Plaintiff will produce non-privileged responsive documents in its possession for inspection at the offices of Plaintiff's counsel on a mutually convenient date and time.

***Request 46:***

> All minutes of or documents relating to any meetings of REIS's board of directors during which any of the allegations in REIS's Complaint were discussed.

*Response:*

> Objection, the request seeks documents protected by the attorney-client privilege, work product privilege, and common interest privilege. Without waiving objections, Plaintiff will produce non-privileged responsive documents in its possession for inspection at the offices of Plaintiff's counsel on a mutually convenient date and time.

*Request 47:*

> All minutes of or documents relating to any meetings of REIS's board of directors during which any of the allegations in CDM's Counterclaim were discussed.

*Response:*

> Objection, the request seeks documents protected by the attorney-client privilege, work product privilege, and common interest privilege. Without waiving objections, Plaintiff will produce non-privileged responsive documents in its possession for inspection at the offices of Plaintiff's counsel on a mutually convenient date and time.

Mr. Fridlington testified during his deposition that the REIS Board of Managers appointed a subcommittee in at least 2010 (potentially earlier) to address issues and concerns with CDM. He further testified that this subcommittee had full authority to determine whether REIS would file the instant litigation against CDM. This committee apparently continues to exist and comprises REIS's Chairman of the Board (Bob Hudgens), REIS's COO (Joe Ballarino), REIS's Vice-Chairman of the Board (Michael Bindman), and another board member (Bob Butters, who is also a partner with the firm representing REIS in this litigation). It does not appear that REIS has produced any documents relating to this subcommittee. Even though CDM did not specifically request documents related to this subcommittee (because CDM did not know of its existence until recently), such non-privileged documents should be responsive to and encompassed by the requests above and produced by REIS. Despite the objections raised by REIS to these Requests, REIS has produced other documents responsive to these Requests.

9

REIS should not now be permitted to use these objections as the basis for selectively withholding other responsive documents.

### 5.     Documents relating to the FR Forms Forum work group.

*Request 7:*

> Any and all documents evidencing, relating to, or referring in any way to the authorship of the purported copyrighted works you claim have been infringed upon by CDM.

*Response:*

> Plaintiff will produce responsive documents in its possession for inspection at the offices of Plaintiff's counsel on a mutually convenient date and time.

*Request 8:*

> Any and all documents evidencing, relating to, or referring in any way to any derivative works of the purported copyrighted works you claim have been infringed upon by CDM.

*Response:*

> Plaintiff will produce responsive documents in its possession for inspection at the offices of Plaintiff's counsel on a mutually convenient date and time

Mr. Fridlington testified about the existence of a working group with FR called the Forms Forum that meets to discuss, update, and change the various forms allegedly created and copyrighted by FR. These forms are the very subject of REIS's copyright infringement claims. It does not appear that REIS has produced any documents relating to this group. These documents are responsive to CDM's Requests above, to which REIS agreed to produce responsive documents.

### 6.     Documents relating to the FR Finance Committee.

*Request 19*

> Any and all documents evidencing, relating to, or referring in any way to the relationship between REIS and FAR, including without limitation all documents relating to FAR's ownership of REIS, any management functions of REIS

10

performed by FAR or employees/officers/directors of FAR, and any and all agreements or contracts between REIS and FAR.

*Response*

Objection, the request is overly broad and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case. Without waiving this objection, Plaintiff will produce responsive documents in its possession for inspection at the offices of Plaintiff's counsel on a mutually convenient date and time.

*Request 21*

Any and all documents evidencing, relating to, or referring in any way to any revenue, profit, or other income or asset of FAR that is or has been paid, shared or otherwise distributed to REIS at any time.

*Response*

Objection, the request is overly broad and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case. Except to the extent relevant to the damages suffered by REIS, the documents requested are not relevant to the claims in this case. Furthermore, inasmuch as REIS and CDM are competitors, documents requested are protected by the trade secret privilege. Upon entry by the Court of a Stipulated Protective order, Plaintiff will produce responsive documents in its possession for inspection on an Attorney's Eyes Only basis at the offices of Plaintiff's counsel on a mutually convenient date and time.

*Request 25*

Any and all documents evidencing, relating to, or referring in any way to the members, owners, officers, directors, or employees of FAR who performed any function related to the development Form Simplicity.

*Response*

Objection, the request is overly broad and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case. Documents relating to "members, owners, officers, directors, or employees of FAR who performed any function related to the development of Form Simplicity" is far too broad to be reasonable or narrowly tailored. REIS will produce relevant documents related to the development of Form Simplicity that are related to the claims in this case, including documents that identify individuals involved in the development, but as phrased this request goes beyond the bounds of relevancy. Furthermore, inasmuch as REIS and CDM are competitors, documents requested are protected by the trade secret privilege. Upon entry by the Court of a Stipulated Protective order, Plaintiff will produce responsive documents in its

possession for inspection on an Attorney's Eyes Only basis at the offices of Plaintiff's counsel on a mutually convenient date and time.

*Request 36*

Any and all documents evidencing, relating to, or referring in any way to any communications between REIS and FAR relating in any way to Form Simplicity, TransactionDesk, TransactionDesk Pro, TransactionDesk Lite, CDM, or any employees of CDM.

*Response*

Objection, the request is overly broad, harassing and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case. Objection, the request seeks documents protected by the attorney-client privilege, work product privilege, and common interest privilege.

*Request 49*

Any and all documents evidencing, relating to, or referring in any way to FAR's decision stop providing funding for CDM's services as benefit to FAR's members.

*Response*

Objection, the request seeks documents protected by the attorney-client privilege, work product privilege, and common interest privilege. Without waiving objections, Plaintiff will produce non-privileged responsive documents in its possession for inspection at the offices of Plaintiff's counsel on a mutually convenient date and time.

Mr. Fridlington testified that the Finance Committee of FR receives materials from REIS, hears presentations from REIS, evaluates proposed budgets for services to be provided by REIS to FR every year, and makes recommendations to the FR Board of Directors pertaining to the REIS budget and services to be purchased from REIS by FR, including Form Simplicity. Mr. Fridlington testified that this committee would have made the initial decision recommendation not to provide funding for TransactionDesk, and instead provide funding for Form Simplicity, in 2010. The only documents that appear to have been produced by REIS relating to this committee are a small number of emails from 2010 referencing this committee and providing very little substantive information. Apparently absent from REIS's production are the meeting

12

minutes, documents (including drafts) prepared by REIS for this committee, presentations (including drafts) actually given, the budget and/or services packages presented by REIS to this committee, and any other materials related to REIS's participation with this committee. Despite the objections raised by REIS to these Requests, REIS has produced other documents responsive to these Requests. REIS should not now be permitted to use these objections as the basis for selectively withholding other responsive documents. More importantly, the documents are highly relevant to CDM's claim that REIS acted in bad faith by procuring FR's decision to stop funding TransactionDesk.

**7.      Documents relating to a user survey purportedly conducted by REIS.**

*Request 27*

> Any and all documents evidencing, relating to, or referring in any way to any efforts by REIS and/or FAR to market Form Simplicity (or any similar product or service) to anyone in the State of Florida.

*Response*

> Objection, the request is overly broad, harassing and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case. Documents relating to "any efforts by REIS and/or FAR to market Form Simplicity (or any similar product or service) to anyone in the State of Florida" is far too broad to be reasonable or narrowly tailored. REIS will produce relevant documents related to the development of Form Simplicity that are related to the claims in this case, including marketing documents concerning Form Simplicity, but as phrased this request goes beyond the bounds of relevancy. Furthermore, inasmuch as REIS and CDM are competitors, documents requested include those that are protected by the trade secret privilege. Upon entry by the Court of a Stipulated Protective order, Plaintiff will produce responsive documents in its possession for inspection, some of which may be designated on an Attorney's Eyes Only basis, at the offices of Plaintiff's counsel on a mutually convenient date and time.

*Request 33*

> Any and all documents evidencing, relating to, or referring in any way to any communications sent by REIS and/or FAR to any person or entity, including without limitation members of FAR, relating in any way to Form Simplicity.

13

*Response*

> Objection, the request is overly broad, harassing and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case.

A number of documents produced by REIS reference a number of surveys apparently conducted of the users of Form Simplicity and/or TransactionDesk.  (*See* **REI-0039212-39213, REI-0033151-33152, Ex. G**).  REIS's document production appears to lack any of the actual survey documents, survey results, survey reports, or any other substantive documents about these surveys.  These documents are clearly relevant and responsive to CDM's Requests 23, 27, 33, and 34.  Despite the objections raised by REIS to these Requests, REIS has produced other documents responsive to these Requests.  REIS should not now be permitted to use these objections as the basis for selectively withholding other responsive documents.  More importantly, and again, the requests seek highly relevant material.

> 8. **Materials presented to FR members, Board of Directors, and committees in 2009 and 2010.**

REIS attempted to influence the FR Board of Directors to vote against funding TransactionDesk in 2009, but the board voted to continue funding.  However, in August 2010, REIS successfully persuaded the FR Board of Directors to vote against providing funding for TransactionDesk in favor of funding Form Simplicity and used that as the basis for terminating the contract with CDM.  Mr. Fridlington testified that in advance of these Board of Directors meetings, REIS would have provided information, reports, presentations, or other materials to various FR members, officers, committees, and board members.  Documents produced by REIS reference such materials, as well as materials that were given to the members of the Board of Directors and possibly the general FR members.  (*See* **REI-0005781-5785; REI-0035953-35955, Ex. H**).  What does not seem to appear in REIS document production are the actual materials

14

generated by REIS.  These documents are clearly responsive to CDM's Requests 19, 21, 25, 36, and 49.  Despite the objections raised by REIS to these Requests, REIS has produced other documents responsive to these Requests.  The material requested is directly relevant to CDM's claims and REIS should not be permitted to use its objections as the basis for selectively withholding other responsive documents.

### 9.   Documents related to a Form Simplicity user group.

Mr. Fridlington testified during his deposition that REIS compiled a "user group" of realtors to provide feedback to REIS during the development of Form Simplicity.  It does not appear that any documents were produced relating to this "user group."  Such documents are responsive to CDM's Requests 23, 33, and 34 and should have been produced.  Despite the objections raised by REIS to these Requests, REIS has produced other documents responsive to these Requests.  REIS should not now be permitted to use these objections as the basis for selectively withholding other responsive documents and the information requested is relevant.

### 10.   Documents relating to weekly conference calls between REIS and CDM.

*Request 10:*

> Any and all document evidencing, relating to, or referring in any way to any licensing agreements entered into between REIS and CDM.

*Response:*

> Plaintiff will produce responsive documents in its possession for inspection at the offices of Plaintiff's counsel on a mutually convenient date and time.

*Request 12:*

> Any and all document evidencing, relating to, or referring in any way to any services agreements entered into between REIS and CDM.

*Response:*

Plaintiff will produce responsive documents in its possession for inspection at the offices of Plaintiff's counsel on a mutually convenient date and time.

Mr. Fridlington testified that REIS and CDM conducted weekly conference calls to discuss enhancements, fixes, and other issues pertaining to the services CDM provided to FR members. It does not appear that REIS has produced any documents relating to these weekly conference calls. These documents are responsive to CDM's Requests 10, 12, 34, and 35. REIS agreed to produce all documents responsive to Requests 10 and 12. REIS raised some objections to Requests 34 and 35, but REIS has produced other documents responsive to these Requests. REIS should not now be permitted to use these objections as the basis for selectively withholding other responsive documents and the information requested is relevant.

### 11.    Training materials for TransactionDesk and Form Simplicity

*Request 28*

Any and all documents evidencing, relating to, or referring in any way to any efforts by REIS and/or FAR to market Form Simplicity (or any similar product or service) to anyone outside of the State of Florida.

*Response*

Objection, the request is overly broad, harassing  and seeks documents not relevant or likely to lead to the discovery of admissible evidence regarding the claims in this case. Documents relating to "any efforts by REIS and/or FAR to market Form Simplicity (or any similar product or service) to anyone outside the State of Florida" is far too broad to be reasonable or narrowly tailored. REIS will produce relevant documents related to the development of Form Simplicity that are related to the claims in this case, including marketing documents concerning Form Simplicity, but as phrased this request goes beyond the bounds of relevancy. Furthermore, inasmuch as REIS and CDM are competitors, documents requested include those that are protected by the trade secret privilege. Upon entry by the Court of a Stipulated Protective order, Plaintiff will produce responsive documents in its possession for inspection, some of which may be designated on an Attorney's Eyes Only basis, at the offices of Plaintiff's counsel on a mutually convenient date and time.

REIS primarily provided training for TransactionDesk during the relationship between REIS and CDM. It appears that REIS has not produced any documents relating to these training efforts. Similarly, there are references to training materials for Form Simplicity, including a "Train the Trainer" program, which was originally the name of one of the training programs for TransactionDesk. It appears that REIS has not produced any training documents for Form Simplicity. The training documents for TransactionDesk and Form Simplicity would be responsive to Requests 23, 27, 28, and 33. Despite the objections raised by REIS to these Requests, REIS has produced other documents responsive to these Requests. REIS should not now be permitted to use these objections as the basis for selectively withholding other responsive documents. This information is particularly relevant to CDM's claims that REIS used confidential information to develop Form Simplicity because some of the same RESI personnel involved in TransactionDesk were also involved in developing Form Simplicity.

**12.    Documents relating to the instructions to users on how to transfer files from TransactionDesk to Form Simplicity**

Documents produced by REIS reference materials distributed to FR members in 2010, including a video, instructing FR members on how to transfer their files from TransactionDesk to Form Simplicity. Other than references to these instructions in a few emails, it does not appear that REIS has produced any additional materials relating to these instructions. These documents are responsive to CDM's Requests 23, 33, and 34 and should have been produced. Despite the objections raised by REIS to these Requests, REIS has produced other documents responsive to these Requests. REIS should not now be permitted to use these objections as the basis for selectively withholding other responsive documents and the information is relevant.

#10446134_v1

**IV.     CONCLUSION**

REIS's failure to produce the categories of highly relevant and critical documents discussed above and suspect.  It is clear that these documents should exist based upon references in other documents produced by REIS and deposition testimony.  These documents should have been produced in response to CDM's Requests served seven months ago.  Additionally, and as specifically addressed in CDM's Motion to Impose Discovery Sanctions and to Grant Additional Relief filed contemporaneously herewith, all of REIS's document production is insufficient because REIS failed to gather documents from current and former REIS personnel.  Accordingly, CDM respectfully requests that the Court enter an order compelling REIS to produce all of the documents referenced above and awarding CDM its reasonable attorneys' fees incurred in addressing these issues with REIS's counsel and bringing this motion.

<u>NOTICE OF COMPLIANCE WITH LOCAL RULE 3.01(g)</u>

Counsel for CDM certify that they have conferred y with counsel for REIS to attempt to resolve the matters set forth in this motion, but have been unsuccessful.

HOLLAND & KNIGHT LLP

<u>**/s/ Bradford D. Kimbro**</u>
Bradford D. Kimbro
Florida Bar No. 908002
brad.kimbro@hklaw.com
Joseph H. Varner III
Florida Bar No. 394904
joe.varner@hklaw.com
Dominic Kouffman
Florida Bar No. 085099
dominic.kouffman@hklaw.com
Post Office Box 1288
Tampa, Florida 33601-1288
(813) 227-8500
(813) 229-0134 (fax)
Attorneys for Defendant/Counterclaimant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice to all counsel of record.

*/s/ Bradford D. Kimbro*
Attorney

#10446134_v1