# EX. A

# Holland & Knight

100 North Tampa Street, Suite 4100 | Tampa, FL 33602 | T 813.227.8500 | F 813.229.0134
Holland & Knight LLP | www.hklaw.com

Dominic Kouffman
(813) 227-6553
dominic.kouffman@hklaw.com

March 10, 2011

*Via E-mail (jrothman@arnstein.com)*
*Via First Class Mail*

Joel B. Rothman
Arnstein & Lehr, LLP
Morthbridge Centre, Suite 600
515 North Flagler Drive
West Palm Beach, Florida 33401

Re:    *Real Estate Industry Solutions, LLC v. Concepts in Data Management U.S., Inc.*,
United States district Court for the Middle District of Florida, Orlando Division,
Case No.: 6:10-cv-1045-ORL-22-GJK

Dear Joel:

I am writing regarding Real Estate Industry Solutions, LLC's ("REIS") Responses to
Defendant, Concepts in Data Management U.S., Inc.'s ("CDM") First Request for Production of
Documents Dated December 3, 2010 (REIS's "Responses") and REIS's Objections to Defendant,
Concepts in Data Management U.S., Inc.'s First Set of Interrogatories Dated December 3, 2010
(REIS's "Answers").  We have reviewed the Responses and Answers and find a number of
deficiencies in both.  Please consider this our good faith attempt to resolve a discovery dispute
pursuant to Rule 37 of the Federal Rules of Civil Procedure.

## **Document Production**

In its Responses, REIS agreed to produce documents in response to at least 46 Requests.
In each of these Responses, you stated that the documents would be produced "for inspection at
the offices of Plaintiff's counsel on a mutually convenient date and time."  To date, you have not
proposed any dates or times for inspection of REIS's documents.  Further, any such inspection
should occur in the District where REIS filed this action, *i.e.* at "the offices of Plaintiff's counsel"
in Tampa, which appears to be the only city in the Middle District of Florida in which your firm
has an office.  It would be unduly burdensome to insist on inspection of REIS's documents
outsidet his District, and we strongly believe that the Court would agree.

EXHIBIT
A
tabbles'

Joel B. Rothman
March 10, 2011
Page 2

REIS has had three months to gather and prepare its document production. Accordingly, please confirm that you will tender the documents that REIS agreed to produce in its RFP Responses, including all responsive electronic documents and communications, within seven days of your receipt of this letter at your offices in Tampa. To the extent that REIS agreed to produce certain documents subject to entry of a protective order, please immediately propose such an order for our review and consent. Failure to provide these documents or propose a protective order will leave us no choice but to seek immediate redress from the Court.

## RFP Responses

As an initial matter, REIS's general objections to the definitions and instructions contained in CDM's requests lack merit. You reference the definition of "referring to," which is the only specific definition with which you take issue, as an example. That term is a typically thorough definition often used in discovery requests in order to avoid evasive responses and gamesmanship, which makes REIS's objection somewhat suspect. Nevertheless, this definition is well within the acceptable scope of discovery under the Federal Rules of Civil Procedure. To the extent that you intend to withhold any documents based on this unfounded objection, we demand that you immediately withdraw this objection and produce all responsive documents or identify the specific documents you are withholding.

Request No. 1

In Request No. 1, CDM requested all documents relating to REIS's claims of damages. REIS objected on the grounds that discovery is ongoing and agreed to only produce relevant licensing agreements at this time. This is unacceptable. REIS filed its Complaint nearly eight months ago. While discovery may yield additional documents responsive to this request over time, it is beyond reason to believe that REIS only has these limited documents relevant to all of its claims of damages in this case. Please produce all documents in its possession, custody, or control pertaining to REIS's damages claims in addition to the relevant licensing agreements.

Request Nos. 9, 11

Request No. 9 seeks all documents relating to any licensing agreement between REIS and the authors of the purported copyright protected works (presumably Florida Realtors, Inc. ("FR")) alleged to have been infringed by CDM in the Complaint. Request No. 11 seeks all documents relating to any other licensing agreements entered into by REIS relating to the same purported copyright protected works. REIS objected on the grounds of trade secret privilege. This objection is insufficient. REIS failed to provide any explanation or legal authority supporting its assertion that any of the requested licensing agreements qualify as trade secrets under Florida or federal law. Please withdraw these objections and produce all requested documents. Again, if you desire a protective order or confidentiality agreement to protect against further disclosure, please immediately provide us a proposed draft.

#10182840_v1

Joel B. Rothman
March 10, 2011
Page 3

Request Nos. 15, 16, 18, 19-21

The documents sought in Request Nos. 15, 16, 18, and 19-21 all relate to the relationship between REIS and FR. REIS objected on the grounds that these Requests were made for the purpose of harassment and are based upon supposedly faulty presumptions. The underlying assumptions made by REIS in making these objections are untrue and inaccurate. These Requests were not made to be harassing and are not based upon the presumptions stated by REIS.

FR, a not-for-profit corporation, is the parent company of REIS, a for-profit corporation. Many individuals have served on the boards and in the management of both entities, in some instances at the same time. There appears to be a significant amount of overlap in control, management, and personnel between these two corporations. CDM has alleged in its Counterclaim that REIS and FR worked together to secretly develop Form Simplicity, utilizing CDM's confidential and proprietary information, and then manufactured the defunding of CDM's services as a FR member benefit, thus creating artificial grounds for terminating the Services Agreement. Based upon the close relationship between REIS and FR and the claims that CDM has raised in this case, CDM is entitled to take discovery on and investigate the nature of the relationship between FR and REIS. REIS's efforts to prevent discovery on this issue are improper. To the extent that production of any documents is predicated upon entry of a protective order or confidentiality agreement, please immediately propose a draft for our review. Otherwise, please immediately withdraw REIS's objections and produce all requested documents.

Request Nos. 23-26

Request Nos. 23 through 26 seek all documents relating to the development of Form Simplicity, including the identity of all individuals and/or entities involved. REIS objected to these Requests on various grounds, including that the Requests are "too broad." The development of Form Simplicity is central to CDM's claims in this case and clearly discoverable information. These Requests are narrowly tailored to a specific issue - the process by which REIS and/or FR developed Form Simplicity (Request No. 23) and the identity and roles of all individuals and entities involved (Request Nos. 24-26).

If you insist that there are specific types or categories of documents relating to the development of Form Simplicity that are not relevant and/or discoverable and which you intend to withhold, please immediately identify those documents. Absent the identity of any such documents or further explanation of your objections, we do not believe these Requests to be unreasonable or so broad as to create any excessive burden on REIS to search for and produce responsive documents. To the extent that production of any documents is predicated upon entry of a protective order or confidentiality agreement, please immediately propose a draft for our review. Otherwise, withdraw your objections and immediately produce all requested documents.

Joel B. Rothman
March 10, 2011
Page 4

Request Nos. 27-32

Request Nos. 27 through 32 seek documents relating to REIS's and/or FR's efforts to market and advertise Form Simplicity, agreements for providing Form Simplicity to any end users, and the content available on Form Simplicity. REIS objected to these Requests on the grounds that they are allegedly overly broad, seek irrelevant documents, and are harassing. Initially, REIS's repeated attempts to characterize CDM's Requests as harassing are completely unwarranted. CDM's Requests are directly relevant to specific issues and claims raised by either REIS or CDM in this case.

Request Nos. 27 through 32 seek very specific documents that relate to CDM's damages in this action. As previously explained, CDM asserts that REIS and FR secretly utilized CDM's confidential and proprietary information to create a competing product, Form Simplicity, and then manufactured the conditions necessary to terminate the Services Agreement. Information pertaining to any efforts to market and advertise Form Simplicity to current and former customers of CDM is directly relevant to CDM's claims, and thus discoverable. Moreover, any actual contracts REIS and/or FR have entered into with any current or former customers and/or users of CDM's services are directly relevant to CDM's damages. All of the documents and information sought in these Requests is relevant and discoverable. Please immediately withdraw your objections and produce all the requested documents.

Request Nos. 33-36

Request Nos. 33 through 36 seek production of all REIS internal communications and all communications between REIS and any other person or entity relating to Form Simplicity, TransactionDesk, TransactionDesk Pro, TransactionDesk Lite, CDM, and any person affiliated with CDM. REIS objected to each Request on various grounds, including that they are harassing, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. In other words, REIS has objected to producing any communications pertaining to any issue in this case. These objections defy logic, reason, and the Federal Rules of Civil Procedure. It is simply not a defensible position that none of REIS's communications relating to any of the issues central to this case are discoverable. CDM demands that REIS immediately withdraw these evasive and unfounded objections and produce all responsive documents.

Request Nos. 41-42

Request Nos. 41 and 42 seek all documents and communications relating to CDM's efforts to secure a license to provide the FAR/BAR forms and contracts. REIS responded without objection that it has no responsive documents in its possession, custody, or control. We believe this to be false. First, REIS raised no objections to these Requests and, therefore, has waived any potential objections to these Requests. Second, CDM is aware that, at minimum, individuals affiliated with or acting on behalf of REIS and/or FR, including Bob Butters,

Joel B. Rothman
March 10, 2011
Page 5

contacted members of the FAR/BAR Committee to advocate against providing a license to CDM for the FAR/BAR forms. REIS is obligated to search for and produce all documents and communications in its possession, custody, or control responsive to these Requests, including the files of any individual or entity acting on REIS's behalf. *See Jans v. The Gap Stores, Inc.*, 2006 WL 2691800, *1 (M.D. Fla. 2006) (finding that the files of a party's former or present counsel are considered under that party's "control" for the purposes of discovery). Please immediately produce all responsive documents.

Request No. 50

This Request seeks all documents relating to REIS's decision not to provide a license to CDM for the FR forms following REIS's notice of termination of the Services Agreement. REIS's response was: "None. This is a false statement." REIS raised no objections to this Request, therefore any potential objections have been waived. This Request is also not a "false statement." REIS refused for months to provide CDM with a license to use the FR forms for TransactionDesk, which includes the TD Pro and TD Lite interfaces. Regardless of the parties' disagreement as to whether TD Pro and TD Lite are interfaces of the same product or different products, it is evident that REIS consistently refused to provide a license that would permit CDM to provide FR forms through TD Lite. Any refusal to provide a license or any limitations on a license imposed by REIS is responsive to this Request. Please immediately produce all responsive documents.


**Interrogatory Responses**

REIS's responses to CDM's Interrogatories are inadequate and evasive. Incredibly, REIS has failed to provide any information in response to 18 Interrogatories by asserting a litany of groundless objections and employing a number of delay tactics. REIS's has also failed to supplement or amend its responses or propose a draft protective order in the last two months since service of its responses. Each of REIS's individual responses is addressed below.

Interrogatories 1, 4, 5, and 12

In response to Interrogatories 1, 4, 5, and 12 REIS stated "To be provided." REIS raised no objections to these Interrogatories, therefore any potential objections have been waived. This is not a valid response under the Federal Rules of Civil Procedure. REIS may not unilaterally give itself more time to respond to properly served interrogatories by responding in such a way. Please provide full responses to these Interrogatories within seven days, otherwise CDM will seek any and all remedies and sanctions available, including without limitation striking REIS's pleadings for failure to respond to interrogatories.

Joel B. Rothman
March 10, 2011
Page 6

Interrogatories 2, 3, 9, 10, 11, 13, and 14

REIS objected to each of these Interrogatories on the grounds that they seek information allegedly protected by a "trade secret privilege." No other objections were raised, therefore all other potential objections have been waived. Without addressing whether such a "privilege" actually exists under Florida or federal law, please immediately propose a draft protective order or confidentiality agreement for our review and consent. We expect REIS will fully answer each of these Interrogatories immediately upon entry of a protective order by the Court.

Interrogatories 7 and 8

Similar to Requests 15, 16, 18, and 19-21 (discussed above), Interrogatories 7 and 8 seek information pertaining to the relationship between REIS and FR. REIS objected to these Interrogatories on the same grounds that REIS objected to Requests 15, 16, 18, and 19-21. For all the same reasons explained above, the information sought is not objectionable and is relevant and discoverable. Please immediately withdraw REIS's unfounded objections and provide full and complete responses within seven days.

Interrogatory 15

This Interrogatory seeks information relating to any efforts undertaken by REIS, FR, or any person or entity acting on behalf of REIS or FR to prevent CDM from obtaining a license to offer the FAR/BAR forms in TransactionDesk. REIS responded that it has no responsive information. REIS raised no objections, therefore all potential objections have been waived. As explained above in addressing REIS responses to Requests 41 and 42, CDM is aware of discussions that took place between members of the FAR/BAR committee and individuals acting on behalf of REIS and/or FR, including Bob Butters, to convince the FAR/BAR committee not to provide a license to CDM for the FAR/BAR forms. Accordingly, REIS's response of "None" is inaccurate. Please amend REIS response within seven days and provide all information responsive to Interrogatory No. 15.

---

Please immediately provide dates and times that REIS's hard copy and electronic documents will be made available for inspection in its Tampa offices. We also expect that REIS will correct all of the deficiencies discussed above within seven days of your receipt of this letter, and that you will immediately propose a draft confidentiality agreement or a protective order that we may review for filing with the Court. Failure to tender REIS's documents or address any of the deficiencies outlined above will leave us no choice but to seek immediate relief from the Court. Please do not hesitate to contact us should you have any questions.

Joel B. Rothman
March 10, 2011
Page 7

Sincerely yours,

HOLLAND & KNIGHT LLP

Dominic Kouffman

cc:     Joseph H. Varner, Esq.
        Bradford D. Kimbro, Esq.

#10182840_v1